IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LISA VELASQUEZ OLIVAREZ,

    Plaintiff,

v.                                                     No. 3:14-CV-00436-FM

GEO GROUP, INC.; WARDEN RAUL TREVINO,
WARDEN BRENT BEMENT, LUIS VALLADAREZ,
and OFFICER FABIOLA CARRIZALES, in their
official and individual capacities,

    Defendants.

## PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR SANCTIONS

Plaintiff Lisa Velasquez Olivarez, by and through their counsel of record, HOLT MYNATT MARTÍNEZ P.C. (Blaine T. Mynatt & Casey B. Fitch) ask the Court to sanction Defendants Geo Group, Inc. (hereinafter "Geo") and Luis Valladarez (hereinafter "Valladarez") pursuant to Federal Rules of Civil Procedure 26 and 37. Plaintiff advised Defendants of the basis of the relief requested and they oppose.

### BACKGROUND

On May 29, 2015, Defendants took the deposition of Plaintiff Lisa Velasquez Olivarez at FMC Carswell, pursuant to this Court's April 28, 2015 order. When Valladarez's attorney began questioning, he played three audio recordings from a laptop computer. These audio files purport to capture telephone calls between Ms. Olivarez and a friend, as well as her mother, in which Ms. Olivarez suggests the sexual encounter between her and Valladarez began consensually. Although such a relationship may result in the deprivation of the confined individual's due process rights, *see Paz v. Wier*, 137 F. Supp. 2d 782, 807 (S.D. Tex. 2001), the information is the entirety of Valladarez and Geo's defense and probative of damages.

By the time of the deposition, Defendants initial disclosures had been due for over two weeks. [*See* Doc. 24, p. 1, ¶ 2]. Although Defendants submitted forms purporting to comply with Federal Rule of Civil Procedure 26 (a), [*see* Exs. A & B, Def.s' Initial Disclosures], surprisingly none mentioned the recordings Valladarez had and used at the deposition. During off the record discussions at the deposition, counsel for Defendants confirmed they had been in possession of the audio files for some time, well in advance of the May 29th proceedings and disclosure deadline of May 15, 2015. Apparently, the decision not to turn over this material, as Rule 26 would require, was the strategic decision of Geo and Valladarez to maximize shock value. Counsel further insisted the recordings were "impeachment material" and were presumably somehow exempt from Rule 26 disclosure as a result.

The problems with Defendants initial disclosures were not limited to the recordings. This Court's March 17, 2015 scheduling order set a disclosure deadline for May 15, 2015. [*See* Doc. 24]. Pursuant to Rule 26 (a)(1)(A)(ii), a "copy—or a description by *category and location*" of documents are required to be disclosed. Neither Geo nor Valladarez provided copies of documents or a description of the documents by category as required. [*See* Exs. A & B]. Although Geo provided Ms. Olivarez a document entitled "initial disclosures" by the deadline it did not comply with its obligations, rendering the disclosures untimely. Valladarez's initial disclosures were unquestionably untimely, filed on May 20, 2015. Further, his disclosures were insufficient as explained more fully below.

Finally, Defendants have failed to engage in any meaningful settlement negotiations as this Court's scheduling order contemplates. [*See* Doc. 24]. So that Ms. Olivarez would have a full opportunity to participate in sending a demand, the parties agreed to extend the April 29, 2015 deadline to May 6, 2015. The parties further agreed that Defendants would be afforded

additional time—until May 22, 2015—to meaningfully consider and respond to this demand [*See* Doc. 45]. On May 6, 2015, undersigned counsel sent Defendants a settlement demand. [*See* Ex. C]. It was not, however, until May 25, 2015, three days after the deadline, that Geo responded, claiming it had "insufficient information" to accept the offer. [*See* Ex. D]. Valladarez wholly failed to respond. These responses are unacceptable and do not comport with the spirit of the Court's order and promote a legitimate possibility of settlement.

Because Defendants' tactics contravene the disclosure requirement of Rule 26(a), Ms. Olivarez now moves for sanctions pursuant to Rule 37. The Court must exclude the recordings from evidence in all future proceedings. At the very least, the Court should order Defendants to pay Ms. Olivarez's reasonable costs for preparing and attending the May 29, 2015 deposition as well as for drafting the instant motion. The Court must also exclude any document not properly disclosed in the Defendants' initial disclosures.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party "without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored material, and tangible things the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." This requirement is not a one-time obligation; Rule 26 (e)(1)(A) makes *timely* supplementation mandatory. *See also Tex. A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003); *Bibolotti v. Am. Home Mortg. Servicing, Inc.,* 2013 U.S. Dist. LEXIS 69242, *15-19, 2013 WL 2147949 (E.D. Tex. May 15, 2013) ("[A] party is under a duty to supplement the disclosures if the party learns additional or corrective information that has not otherwise been known to the other parties").

Federal Rule of Civil Procedure 37 provides the enforcement mechanism for a party's failure to meet initial-disclosure obligations. Indeed, "[i]f a party or fails to provide information [or supplement] . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may instead of or in addition to the above "order payment of the reasonable expenses, including attorneys fees, caused by the failure [to disclose]." *Id.*, 37(c)(1)(A). Defendants did not comply with their obligation under the Rules and their failure to disclose was neither harmless nor substantially justified.

### I. DEFENDANTS DID NOT COMPLY WITH RULE 26(A)&(E) WITH RESPECT TO THE AUDIO RECORDINGS.

#### A. Defendants Concede They Had Rule 26(a) Material At The Time Of The Deposition.

There is no doubt Defendants failed to disclose the recordings. Nothing in their initial disclosures alerts Ms. Olivarez to their existence, and it was only after the deposition and at the insistence of undersigned counsel that the recordings were made available. Additionally, defense counsel for Geo and Valladarez clarified that they had been in possession of the audio files for some time, but because of a client preference they had *chosen* not to provide copies or otherwise alert Ms. Olivarez of their existence. As a result, the Court must prevent the use of the recordings in any subsequent proceeding as Rule 37 requires.

#### B. The Material Was Not Solely For Impeachment Purposes.

Any argument that the information is solely for impeachment purposes and, therefore, outside Rule 26(a) and (e)'s disclosure obligation is disingenuous. Black's Law Dictionary distinguishes substantive evidence from impeachment as "[t]hat adduced for the purpose of

proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (i.e., showing that he is unworthy of belief), or of corroborating this testimony." BLACK'S LAW DICTIONARY, 1429 (6th ed. 1990). At least one federal district court has helped understand the gloss of the term when applied to initial disclosures. *See Moore v. City Chi. Heights*, 2011 U.S. Dist. LEXIS 126738, \*\*21-22 (N.D. Ill. 2011).

In *Moo-re*, the court drew on the advisory committee comments to the 2000 amendments to Rule 26 and explained those "comments make clear that a party is required to disclose . . . information it may use to support its denial or rebuttal of the allegations, claim or defense of another party." *Id.*, \*21. In other words, "if these tapes contain information that [Defendant] may use in support of a true affirmative defense or to support a denial of liability," they must be produced as part of initial disclosures. *Id.*, \*\*21-22.

The audio files comfortably straddle the concepts of both substantive and impeachment evidence. The recordings certainly could be used to undermine Ms. Olivarez's credibility that she did not consent to intercourse with Valladarez—classic impeachment. Contrariwise, the statements are essentially Valladarez's entire basis for denying the allegations in this lawsuit. [*See* Doc. 22, Ans. ¶¶ 40 (denying allegation and claiming Ms. Olivarez approached him); 43 (denying allegation and insisting Ms. Olivarez proposed and initiated consensual sex); 55 (same)]. Thus, the materials were not "solely for impeachment" as Rule 26 contemplates. Defendants therefore violated their initial disclosure deadline by not producing the files, and this Court must preclude their further use.

## II. DEFENDANTS DO NOT HAVE JUSTIFICATION FOR THEIR FAILURE TO COMPLY WITH RULE 26(A)&(E).

Defendants' choice to withhold critical evidence was strategic. Apparently, it was Geo and Valladarez's preference to maximize the element of surprise. In other words, Defendants'

conduct was intentional. Unfortunately, however, a client's desire neither changes obligations under Rule 26 nor provides any cognizable justification for avoiding them. As a result, Defendants cannot meet the "substantial justification" exception under Rule 37(c)(1), and this Court must reject Defendants' efforts to claim a matter of strategy obviates their affirmative obligations in this case.

The Fifth Circuit has established a four-prong test to guide the harmlessness exception to disclosure under Rule 37. This Court may consider "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A & M Research Found.*, 338 F.3d at 402. None of these factors justify Defendants' failure to produce the audio files.

The statements on the recordings are undoubtedly critical. They capture Ms. Olivarez speaking with friends and family about the underlying basis of her lawsuit and may suggest some of the intercourse was consensual. The prejudice is manifest: the deposition may well have been shortened or the outright ambush otherwise made unnecessary. At the very least, the hours of preparation time spent on the deposition would have changed. Ms. Olivarez is prejudiced because, under Rule 26(1)(a)(ii), she was entitled to be prepared for the line of questioning that would derive from the telephone conversations. Instead, her deposition now exists with ambushed testimony. At this point, there is no way to undo the improper tactics, and no continuance can help with the damage that has been done. The only proper solution is to simply preclude the use of the files in the future and the corresponding portion of her deposition testimony.

As explained above, Defendants' explanation for their failure is unavailing. A strategic choice to maximize shock value or ambush a party is not a valid reason for avoiding disclosure obligation. Trial by ambush has never been part of our jurisprudence, and the Court should not permit it here. Moreover, excluding the recording will not prejudice Defendants' ability to argue consent as an offset to damages. They certainly will be able to use any properly disclosed materials and witnesses to present relevant testimony tending to establish that matter. In short, none of the factors excuse Defendants' decision not to comply with initial disclosure requirements.

### III. THE GEO'S INITIAL DISCLOSURES ARE INSUFFICIENT NOTWITHSTANDING ITS FAILURE TO DISCLOSE THE RECORDINGS.

A party is under a duty to make timely initial disclosures for any evidence that the party intends to rely on for its defense. *See* Fed. R. Civ. P. 26(a). Additionally, "[a] party must make its initial disclosures based on the information then reasonably available to it" and "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Before making initial disclosures parties must "make a reasonable inquiry into the facts of the case." Fed. R. Civ. P. 26(a)(1) advisory committee notes (1993 amend.).

Even though Geo's initial disclosure were submitted by the deadline, they were insufficient and therefore untimely. In them, Geo failed to provide copies of documents or a description of the documents by category and location as required under Rule 26 (a)(1)(A)(ii). [*See* Ex. A]. On May 22, 2015, undersigned counsel sent a letter to Defendants requesting that they produce the documents identified in their initial disclosures. [*See* Ex. E]. On May 26, 2015, Geo finally produced the documents identified in its initial disclosures, a week after the scheduling order's deadline and three days before Ms. Olivarez's deposition. As explained above, the audio recordings were not included in the materials produced. Eventually, the audio

tapes and other documents were produced when Geo supplemented its initial disclosures on June 22, 2015.

Under the Rule 37, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Geo did not disclose all materials that were required under Rule 26 (a)(1)(A)(ii). Because Geo's initial disclosures are insufficient, they are untimely under Rule 26 and are automatically excluded under Rule 37(c). *See Gomez v. Ameripol Synpol Corp.*, 2002 U.S. Dist. LEXIS 28593, *14 (E.D. Tex. Oct. 8, 2002) (citing 8A Charles Alan Wright et al., Federal Practice & Procedure § 2289 for the proposition that "Rule 37(c)(1) gives rise to automatic exclusion of evidence"). The Court therefore must prohibit Geo from using any document not properly disclosed.

### IV. VALLADAREZ'S INITIAL DISCLOSURES ARE UNTIMELY AND INSUFFICIENT.

Valladarez's initial disclosures were filed one day after the deadline making the disclosures untimely. More significantly, Valladarez did not identify any materials, did not provide copies of any materials or documents, or give a description of the documents by category and location as required under Rule 26 (a)(1)(A)(ii). [*See* Ex. B]. Again, on May 22, 2015, undersigned counsel sent a letter to all Defendants requesting that they produce the documents identified in their initial disclosures. [*See* Ex. E]. As the date of filing this motion, Valladarez has yet to respond to that correspondence, produce such materials, or supplement the initial disclosures. Certainly, Valladarez has possession of the audio tapes used during Ms. Olivarez's deposition on May 29, 2015.

Further, Valladarez's identification of witnesses in the initial disclosure statement is inadequate because it does not include the subject of the information known by the witness, but instead contains only the names of the witnesses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses"). To date Valladarez's counsel has not given undersigned counsel a reason for failing to disclose Rule 26 (a)(1)(A)(ii) materials. Valladarez's initial disclosures are untimely and insufficient and must be automatically excluded under Rule 37(c).

### V. DEFENDANT GEO AND VALLADAREZ HAVE NOT MEANINGFULLY COMPLIED WITH THIS COURT'S SCHEDULING ORDER.

Geo and Valladarez' response to Ms. Olivarez's settlement demand does not comport with the spirit of the Court's scheduling order. The point of requiring the plaintiff to provide a number and the defendant to counter or indicate its unwillingness is to facilitate a resolution of the matter at the earliest possible time or make clear to all involved that a trial will be necessary. Instead of providing a number or otherwise indicating a trial would be necessary, Geo, five days after the deadline, claimed a lack of information prevented it from accepting the offer. Valladarez failed to submit any response whatsoever. This conduct falls short of the intent of the Court's order.

### CONCLUSION

For the reasons set forth above, the Court should sanction Geo and Valladarez for failure to produce or describe the audio files and other pertinent materials as part of their initial disclosures under Federal Rule of Civil Procedure 26. The plain language of Rule 37(c) mandates they be precluded from using the recordings in any subsequent proceedings including

trial. In addition or as an alternative to that sanction, the Court should award Ms. Olivarez her reasonable costs and fees related to preparing for and attending the depositions.

HOLT MYNATT MARTÍNEZ P.C.

_____
BLAINE T. MYNATT
CASEY B. FITCH
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
skf@fitzkoslaw.com
*Attorneys for Defendants The GEO Group, Inc. and Brett Bement*

Denis Dennis
Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
ddennis@kmdfirm.com
*Attorneys for Fabiola Carrizales*

Tim Flocos
BRUSTKERN FLOCOS & ASSOCIATES, LLP
tim@timflocos.com
*Attorney for Defendant Luis Valladarez*

_____
CASEY B. FITCH