IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LISA VELASQUEZ-OLIVAREZ, | § | |
|     *Plaintiff* | § | |
| | § | |
| *v.* | § | 3:14-CV-436-FM |
| | § | |
| GEO GROUP, INC., WARDEN RAUL | § | |
| TREVINO, WARDEN BRENT BEMENT, | § | |
| LUIS VALLADAREZ, and OFFICER | § | |
| FABIOLA CARRIZALES, in their official | § | |
| and individual capacities, | § | |
| | § | |
|     *Defendants* | § | |

**DEFENDANT VALLADAREZ'S RESPONSE
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE FRANK MONTALVO:

COMES NOW, Defendant Luis Valladarez, and makes this his response to Plaintiff's Motion for Partial Summary Judgment (DE # 66) and in support would show as follows:

**1.     Plaintiff Cannot Meet Her Summary Judgment Burden**

**1.1**     Plaintiff currently claims her sex with Defendant was non-consensual, but her deposition testimony was devastated by impeachment with her inconsistent statements recorded during their affair. Undaunted, Plaintiff seeks summary judgment on the theory Defendant's plea agreement excuses her from proving the first element of her case: that she was sexually assaulted at all.

**1.2**     Collateral estoppel cannot supply Plaintiff's missing proof: (1) the plea agreement did not rest on any findings of non-consensual sex; (2) actual consent under 42 U.S.C. §1983 is a different issue than "legal consent" under 18 U.S.C. §2243(b); and (3) the different policies underlying criminal and Constitutional law make collateral estoppel unavailable. Plaintiff cannot

1

meet her summary judgment burden by relying on the plea agreement, and her motion should be denied.

2. **The Plea Agreement Establishes No Facts Relating to Plaintiff's Actual Consent To A Sexual Relationship With Defendant**

2.1 It is uncontested that paragraph 9 of the plea agreement contains the factual basis for the judgment, and the agreement by Defendant Valladarez that those facts would have been proven at trial: "Defendant adopts this Factual Basis and agrees that the **facts** set forth herein are accurate in every respect and that had the matter proceeded to trial, the United States would have proved each of these **facts** beyond a reasonable doubt." (emphasis added). [DE# 66-1, at 14-15].

2.2 The plea agreement does not state that Defendant Valladarez ever coerced Plaintiff into any sexual act through fear, fraud, force, threat, or by any other means. Nor does the plea agreement state that Plaintiff was <u>actually</u> unable to consent to a sexual relationship with Defendant Valladarez.

2.3 The plea agreement contains only one sentence has any possibly bearing on consent: "Due to her status in custody, L.O.-V. was unable to legally consent to the sexual acts, therefore the sexual acts constitute an assault against L.O.-V." [DE# 66-1, at 15].

2.4 As an initial matter, this is on its face not a factual statement, but a context-related legal conclusion made under the legal standard applicable to 18 U.S.C.§2243. For a similar example, see *Cleveland v. Policy Management Systems Corp*. 526 U.S. 795, 802 (1999)(plaintiff's statement 'I am totally disabled' in an application for Social Security is a "context related legal conclusion" meaning 'I am disabled for purposes of the Social Security Act').

2.5 The terms of the plea agreement, as emphasized above, only encompass facts that would have been proven at trial – this legal conclusion is outside the agreement scope as an initial

matter, which should end the inquiry. However, collateral estoppel cannot be established in any event, as set forth below.

**3.      Elements of Collateral Estoppel (or Issue Preclusion)**

**3.1**     To preclude re-litigation of an issue by collateral estoppel requires four elements: (1) the issue must be identical to the issue already litigated; (2) the issue must have been fully and vigorously litigated in the prior action; (3) the issue must have been necessary to support the judgment in the prior case; (4) there must be no special circumstances that would make preclusion unfair or inappropriate. *US v. Shanbaum*, 10 F. 3d 305, 311 (5th Cir. 1994); see *Bradberry v. Jefferson County, Tex.*, 732 F. 3d 540, 548-9 (5th Cir. 2013)("fairness" element required for application of non-mutual offensive collateral estoppel).

**4.      The Issue of "Consent" Is Not Identical, Because Actual Consensual Sex With A Person In Custody Always Violates 18 U.S.C. §2243(b), but Never Violates 42 U.S.C. §1983 Even When It Is Illegal**

**4.1**     It is hornbook law that "issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits is the same." *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1291 (5th Cir.1995)(even when both suits arise out of the same factual setting, collateral estoppel does not apply unless both suits involve application of the same legal standard)(citing 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4417, at 165).

**4.2**     18 U.S.C. § 2243(b)[1] "involves non-coercive conduct and makes criminal consensual intercourse with a person in official detention." *US v. Lucas*, 157 F. 3d 998, 1001 at fn.5 (5th Cir.

---

[1] Section 2243(b) of Title 18 of the United States Code states :
Of a ward.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who is--

1998)(emphasis in original).Consent is neither an element nor a defense. *United States v. Aguilar*, 2015 U.S. Dist. LEXIS 9427, *3 (W.D. Tex. Jan. 27, 2015).

**4.3** Every Circuit to consider the question has held that actual consensual sex, as a matter of law, cannot constitute an Eighth Amendment violation. See *Graham v. Sheriff of Logan Cnty.*, 741 F.3d 1118 (10th Cir. 2013)(holding consensual sex did not violate Eighth Amendment rights ); *Hall v. Beavin*, 202 F.3d 268, 1999 WL 1045694, at *1 (6th Cir. 1999)(unpublished decision)(finding no Eighth Amendment claim where plaintiff voluntarily engaged in a sexual relationship); *Freitas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997)(holding that "at the very least, welcome and voluntary sexual interactions, no matter how inappropriate, cannot as matter of law constitute 'pain' as contemplated by the Eighth Amendment").

**4.4** A number of district courts have held that consensual sex does not violate a prisoner's rights, even when that sex is illegal under state law. See *Doe v. Cunningham*, 2007 WL 990141 (W.D.Va. 2007) (voluntary attentions are not violations of a prisoner's rights, even when they are prohibited by state law); *Stubbs v. DeRose*, 2007 WL 776789, at *16 (MD Pa. Mar. 12, 2007); *Phillips v. Bird*, 2003 WL 22953175, *5 (D. Del. 2003).

**4.5** District courts in the Fifth Circuit uniformly follow this reasoning, and not one court has allowed an Eighth Amendment plaintiff to proceed without evidence of actual non-consent. *Paz v. Weir,* 137 F. Supp. 2d 782, 807 (S.D. Tex)(to survive defendant's summary judgment, Plaintiff had to produce evidence sexual relationship was non-consensual).

**4.6** Plaintiff's Motion implicitly acknowledges this unbridgeable gap between the two statutes by arguing, perhaps inadvertently, that the court should look to 18 U.S.C. § 2243(b) to

---

(1) in official detention; and
(2) under the custodial, supervisory, or disciplinary authority of the person so engaging;
or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

determine the issue of consent in a 42 U.S.C. §1983 context. [DE #66, at 9]. Of course, that argument is completely circular.

**5.     The Different Policy Considerations Behind Criminal And Constitutional Law Make Collateral Estoppel Unavailable to Plaintiff**

**5.1**     Applying collateral estoppel in this case would undermine the important distinctions between a violation of a criminal law and a violation of the Constitution, which is impermissible under the "identical issue" element. *Brister v. A.W.I., Inc*., 946 F.2d 350, 354 & n. 1 (5th Cir.1991) (even when issues are stated in "nearly identical language," collateral estoppel is unavailable when disparate policies underlie each inquiry, and are applied differently).

**5.2**     The criminal statutes in this case, even if intended to protect inmates, "would not and ought not drive the determination of rights under the United States Constitution," in part because "elevating legal rights to the level of constitutional rights is an exercise fraught with the peril of unintended consequences." *Phillips v. Bird*, 2003 WL 22953175, *5 (D. Del. 2003).

WHEREFORE, PREMISES CONSIDERED, DEFENDANT LUIS VALLADAREZ prays Plaintiff's motion for sanctions be denied, and that the recordings will be admissible at the time of trial.

Respectfully submitted,

_____/S/_____
Tim Flocos
TX Bar No. 24033697
BRUSTKERN FLOCOS & ASSOCIATES
611 West 14th Street, Suite 200
Austin, Texas 78701
Telephone:    512.467.6076
Facsimile:    512.467.6550
E-mail:  tim@timflocos.com

*Attorneys for Luis Valladarez*

**CERTIFICATE OF SERVICE**

I certify that this instrument has been served on the following persons on August 17, 2015, *via* the court's electronic notice and filing system:

Blaine T. Mynatt
Casey B. Fitch
HOLT MYNATT MARTÍNEZ P.C.
PO Box 2699
Las Cruces, NM  88004-2699

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121

Denis Dennis
Kelly, Morgan, Dennis, Corzine & Hansen, PC
4001 E. 42nd, Suite 200 (79762)
P.O. Box 1311
Odessa, Texas  79760

_____/s/_____
TIM FLOCOS