IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LISA VELASQUEZ OLIVAREZ,

       **Plaintiff,**

v.                                       No. 3:14-CV-00436-FM

GEO GROUP, INC.; WARDEN RAUL TREVINO,
WARDEN BRENT BEMENT, LUIS VALLADAREZ,
and OFFICER FABIOLA CARRIZALES,  in their
official and individual capacities,

       **Defendants.**

## PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR SANCTIONS

Plaintiff Lisa Velasquez Olivarez, by and through her counsel of record, HOLT MYNATT MARTÍNEZ P.C. (Blaine T. Mynatt & Casey B. Fitch) asks the Court to sanction Defendant The GEO Group, Inc. (hereinafter "GEO") pursuant to Federal Rule of Civil Procedure 16.  The parties have been made aware of the relief requested.  Concurrence in the relief requested was sought from counsel for GEO, the party against whom sanctions are sought. GEO opposes this motion.

## BACKGROUND

On July 22, 2015, the Court set this matter for mediation before United States Magistrate Judge Robert F. Castaneda following the parties' joint request for a settlement conference. [*See* Doc. 56] On July 30, 2015, Judge Castaneda ordered the mediation for September 2, 2015.  [*See* Doc. 65].  In addition to requiring parties to exchange pre-conference offers and submit position papers, the Magistrate Judge made plain that "[i]n the case of an entity, such as a corporation . . . an officer ***with complete authority to enter into a binding settlement must be present in person***." [*Id.* (emphasis added)].  A person with "complete authority" as used in the order was

further defined as "someone with who has the experience and judgment to exercise that authority without having to consult anyone who is not in attendance at the settlement conference." [*Id.*].

To be sure, the Magistrate Judge provided that the in-person requirement could "be waived upon  a showing of exceptional circumstances" and only after submitting, at least ten days in advance of the conference, an electronically-filed letter "detailing why the Court should excuse the representative from personal attendance[.]" [*Id.*, n. 1]. Judge Castaneda also clarified that "[a]ttendance by the attorney for the party **is not sufficient**." [*Id.* (emphasis in original)].

So that there was no confusion, this Court issued a separate "Order Regarding Mediation" on August 26, 2015 in advance of the mediation.  Among other directives, the Court specified "[t]he defendants **SHALL** have a representative be present for the maximum amount of applicable insurance coverage for the incident." [Doc. 86 (emphasis in original)]. Alternatively, the Court permitted "a representative who exercises full settlement authority [to be] present" in the event the defendant is self-insured. [*Id.*, n. 3]. Significantly, the Court cautioned that "[f]ailure to comply with any order or by the undersigned or United States Magistrate Judge Castaneda will result in sanctions." [Doc. 85].

Although woefully late under the initial disclosure requirement, on August 26, 2015, GEO finally disclosed a copy of its insurance policy that would cover the events alleged in the complaint.  [*See* Ex. A, Email Correspondence dated Aug. 26, 2015]. The policy, underwritten by the National Union Fire Insurance Company of Pittsburgh, PA, provided a $5,000,000 personal injury limit, among other coverage. [*See* Ex. B, Commercial General Liability Declarations].  Thus, under this Court's ruling, a representative with full authority under the policy was obligated to be present at the settlement conference.  Because no such representative was present at the September 2, 2015 settlement conference and there otherwise was no person

with full authority from GEO, Plaintiff now moves this Court to sanction GEO for violating this Court and the Magistrate Judge's orders regarding the mediation.

ARGUMENT

Federal Rule of Civil Procedure 16 permits the Court to "issue any just orders ... if a party or its attorney ... fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).  In addition to or in lieu of "any other sanction, the court *must* order the party, its attorney, or both to pay for the reasonable expenses—including attorneys fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

The movant need not show bad faith, willful, or intentional conduct. *See Wilson v. Smith & Nephew, Inc.*, 2013 U.S. Dist. LEXIS 64973, *9, 2013 WL 1875949 (N.D. Tex. Apr. 10, 2013) (*citing Lucas Automotive Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Nor must Ms. Olivarez demonstrate prejudice.  *See John v. Louisiana*, 899 F.2d 1441, 1448 (5th Cir. 1990). "The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule 16(f)'s text itself makes this clear."  *Wilson*, 2013 U.S. Dist. LEXIS 64793, at *10.

The failure of a party to physically produce a representative when ordered by the Court is grounds for sanctions.  *See id.* (citing *Scaife v. Assoc. Air Ctr., Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (sanctioning plaintiff for failing to appear at a court-ordered mediation); *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056 (E.D. Mo. 2000) (sanctioning defendant for failing to have a representative with authority to settle attend settlement conference); *Dvorak v. Shibata*, 123 F.R.D. 608, 610-11 (D. Neb. 1988) (same)).  The point of the in-person requirement is simple:

"[m]eaningful negotiations cannot occur if the only person with authority to actually change their mind and negotiate is not present." *Nick*, 99 F. Supp. 2d at 1062.

In this case, GEO violated both this Court and the Magistrate Judge's orders regarding mediation. First, in his report to this Court, Judge Castaneda listed all those in attendance. [*See* Doc. 93]. Although "corporate counsel" for GEO was present at the settlement conference, no representative under the insurance policy identified above attended. As was clear from the orders, however, not only was "attendance by the attorney for the party . . . **not sufficient,**" but also equally impermissible was the failure of attendance by a representative with authority over the maximum amount of the insurance policy.

Second, the requirement that a representative with full authority to settle the matter be present was violated in another key respect. Without violating the confidence of the proceedings, GEO did not have a person present who had the authority to consider and approve certain other options to resolve the matter in whole or part with respect to other parties. Plaintiff will share the details with the Court during a closed hearing or through other appropriate procedures to preserve the integrity of the mediation process. This failure to have a representative that could make a decision on all proposed options is contrary to the Court and Magistrate Judge's orders requiring a person with *complete authority* to attend. [*See* Docs. 65 & 85].

## CONCLUSION

GEO violated at least two court orders requiring it to bring a representative to the September 2, 2015 settlement conference that not only exercised full authority under its insurance policy, but also had the authorization to resolve the case in whole or part. As explained above, Rule 16 requires the Court to sanction GEO and at a minimum award Plaintiff

her reasonable attorneys fees in preparing for and attending the mediation.  Additionally, the Court should order a second mediation either with a Magistrate Judge or at GEO's expense.


Respectfully submitted,

HOLT MYNATT MARTÍNEZ P.C.


_____

BLAINE T. MYNATT
CASEY B. FITCH
P.O. Box 2699
Las Cruces, NM  88004-2699
(575) 524-8812


## CERTIFICATE OF SERVICE

I hereby certify that on the 10TH day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
skf@fitzkoslaw.com
*Attorneys for Defendants The GEO Group, Inc. and Brett Bement*

Denis Dennis
Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
ddennis@kmdfirm.com
*Attorneys for Fabiola Carrizales*

Tim Flocos
BRUSTKERN FLOCOS & ASSOCIATES, LLP
tim@timflocos.com
*Attorney for Defendant Luis Valladarez*


_____

CASEY B. FITCH