IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

LISA VELASQUEZ OLIVAREZ,

    Plaintiff,

v.                                                                                                  No. 3:14-CV-00436-FM

GEO GROUP, INC.; WARDEN RAUL TREVINO,
WARDEN BRENT BEMENT, LUIS VALLADAREZ,
and OFFICER FNU CARRIZALES, in their
official and individual capacities,

    Defendants.

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS

Plaintiff, Lisa Velasquez Olivarez, by and through her counsel, HOLT MYNATT MARTÍNEZ P.C. (Blain T. Mynatt and Casey B. Fitch) submits its Reply in support of her Motion and Supporting Memorandum for Sanctions [Doc. 94] as follows.

## INTRODUCTION

The sole issue before the Court is whether GEO should be sanction pursuant to Federal Rule of Civil Procedure 16(f)(1)-(2), because it failed to follow the Magistrate Judge and this Court's orders regarding the September 2, 2015 mediation. [*See* Docs. 65 & 86]. Notwithstanding Geo's arguments to the contrary, the answer remains yes. Geo identified an insurance policy applicable to the lawsuit through its initial disclosures and wholly failed to produce a representative with authority under that policy at the settlement conference. Additionally, even though GEO claims a corporate attorney it brought to those proceedings had complete authority to resolve the case, GEO rejected a possible resolution because it lacked authorization to consider the option. As explained below, the Court must grant Ms. Olivarez's motion for sanctions.

## ARGUMENT

GEO's response in opposition to Plaintiff's motion for Rule 16 sanctions misses the point entirely. In its initial disclosures, GEO informed Ms. Olivarez, for purposes of settlement and ensuring any judgment obtained could be satisfied, it had insurance coverage:

> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Will supplement.

[*See* Doc. 67-1]. Although it took nearly four months to supplement its answer, GEO begrudgingly provided a copy of this insurance policy. [*See* Doc. 94-1, 94-2]. The policy is not from an excess carrier. [*See id.*]. Instead, it appears to be GEO's primary CGL policy that provides coverage for alleged civil rights violation as well tort claims. Additionally, GEO neither made qualifications in its initial disclosures that it would not utilize this insurance or that it would be triggered only if an amount over certain dollar figure had been demanded.

GEO concedes it did not bring a representative with authority under the policy. It simply claims it did not have to follow the Magistrate Judge and this Court's orders because GEO had sufficient funds to cover the entire amount of Plaintiff's demand. Yet the Magistrate Judge provided a mechanism for GEO to obtain dispensation from its obligation to bring a representative with full settlement authority under the policy—upon a showing of exceptional circumstances and after filing a request ten days in advance. [*See* Doc. 65]. GEO does not dispute it failed to following the procedure.

This point of contention is *not* to force a hyper-technical reading of the orders. Instead, as the court in *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1062 (E.D. Mo. 2000), explained "[m]eaningful negotiation cannot occur if the only person with authority to actually

change their mind and negotiate is not present." Although GEO certainly had one representative present to change his mind, there was another entire entity left out of the equation with an interest in this lawsuit. Ms. Olivarez and the other parties were therefore deprived of the opportunity to change that representative's mind.

At the very least, it was incumbent upon GEO to be transparent about the process. Instead of indicating in initial disclosures that it had insurance coverage, it should have explained it was self insured and although a policy was technically applicable, it would not resort to such coverage for this matter. Rather, GEO unilaterally chose to allow this Court and the other parties to labor under the misimpression that its CGL policy was in play and a representative would be present as required in the orders.

Even if this Court were to find justified GEO's decision not to produce the appropriate representative at the mediation, GEO still did not have an individual with complete authority to settle the case. Without compromising the confidential process, an offer was made to resolve a portion of the case. GEO indicated it was without authority to consider the option. The Magistrate Judge was made aware and likely can inform the Court of the issue. Otherwise, Ms. Olivarez can present the facts in a closed hearing or through any other means the Court directs. Failure to have an individual present who could resolve all aspects of the case was another violation of this Court and the Magistrate Judge's orders.

## CONCLUSION

GEO violated the Magistrate Judge and this Court's orders regarding mediation. GEO did not produce a representative with authority under the insurance policy it identified as applicable in its initial disclosures. Nor did GEO otherwise bring to the settlement conference a representative with complete authority such that there was authorization for a full range of alternatives. The Court therefore must grant Ms. Olivarez's motion for sanctions and order GEO

to pay her reasonable attorneys fees and costs as Rule 16 mandates and pay for a second mediation where the appropriate representatives are in attendance.

Respectfully submitted,

HOLT MYNATT MARTÍNEZ P.C.

_____
BLAINE T. MYNATT
CASEY B. FITCH
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
skf@fitzkoslaw.com
*Attorneys for Defendants The GEO Group, Inc. and Brett Bement*

Denis Dennis
Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
ddennis@kmdfirm.com
*Attorneys for Fabiola Carrizales*

Tim Flocos
BRUSTKERN FLOCOS & ASSOCIATES, LLP
tim@timflocos.com
*Attorney for Defendant Luis Valladarez*

_____
CASEY B. FITCH