# United States Court of Appeals

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

February 27, 2017

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

No. 16-50191    Lisa Olivarez v. GEO Group, Inc., et al
USDC No. 3:14-CV-436

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Record/original papers/exhibits are returned:

( 1  ) Envelope

Sincerely,

LYLE W. CAYCE, Clerk

By:
Nancy F. Dolly, Deputy Clerk
504-310-7683

cc:
Mr. Shawn Kevin Fitzpatrick
Mr. Timothy J. Flocos

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50191

D.C. Docket No. 3:14-CV-436

FILED
December 12, 2016

Lyle W. Cayce
Clerk

LISA VELASQUEZ OLIVAREZ,

> Plaintiff

v.

GEO GROUP, INCORPORATED; ET AL,

> Defendants

SHAWN K. FITZPATRICK; TIMOTHY FLOCOS,

> Appellants

Appeal from the United States District Court for the
Western District of Texas, El Paso

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that costs on appeal are to be taxed against the appellants.

Certified as a true copy and issued
as the mandate on Feb 27, 2017

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50191

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

LISA VELASQUEZ OLIVAREZ,

        Plaintiff,

v.

GEO GROUP, INCORPORATED; ET AL,

        Defendants,

SHAWN K. FITZPATRICK; TIMOTHY FLOCOS,

        Appellants.

---

Appeal from the United States District Court
for the Western District of Texas

---

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Attorneys Shawn K. Fitzpatrick and Timothy Flocos (collectively, "Appellants") were sanctioned by the district court for certifying that their clients' initial disclosures under Federal Rule of Civil Procedure 26(a)(1) were complete and correct even though the disclosures failed to mention evidence that Appellants later used during a deposition. Appellants now ask this Court to reverse the district court's decision and remit to them the monetary sanctions collected by the district court. We AFFIRM.

No. 16-50191

## I. BACKGROUND

In 2012 and 2013, Plaintiff Lisa Velasquez Olivarez was allegedly sexually assaulted on multiple occasions while incarcerated at the Maverick County Detention Center ("MCDC"), a facility which was then operated by the GEO Group, Inc. ("GEO"). Olivarez alleged that she was sexually assaulted by Defendant Luis Armando Valladarez, who was a GEO employee at the time. Around the time of the alleged assaults, Olivarez made a series of phone calls to her mother and a friend named Juan using the MCDC's phone system. Each call began with a prerecorded message indicating that the call might be monitored and recorded. GEO recorded at least three of Olivarez's phone calls. During these phone calls, Olivarez discussed her encounters with Valladarez in ways that might be construed to suggest Olivarez consented to the sexual conduct.

On November 26, 2014, Olivarez filed a complaint against GEO, Valladarez, and other MCDC officials, raising various claims related to the alleged sexual assaults, including a civil rights claim under 18 U.S.C. § 1983. In response to these claims, Defendants argued, among other things, that Olivarez had "initiated consensual sex" with Valladarez and that the purportedly consensual sexual encounters did not deprive Olivarez of any civil rights under § 1983. On May 19, 2015, Fitzpatrick, in his capacity as GEO's attorney, submitted GEO's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). Flocos, who was representing Valladarez, submitted initial disclosures on behalf of his client the following day. Neither of these initial disclosures mentioned the audio recordings of Olivarez's conversations with her mother and her friend Juan.

Appellants deposed Olivarez on May 29, 2015. During the deposition, Fitzpatrick first questioned Olivarez about her phone conversations with her mother and her friend Juan. Olivarez testified that she told her mother and

2

Juan about the incidents with Valladarez, that her mother told her to be careful, and that she told Juan that Valladarez had forced her to have sex. Later in the deposition, Flocos played the recordings of Olivarez's phone calls and questioned her extensively about her conversations with her mother and Juan. After the deposition ended, Fitzpatrick provided Olivarez's counsel with an online link to the recordings.

On July 31, 2015, Olivarez filed a motion requesting that the district court impose sanctions on GEO and Valladarez under Federal Rules of Civil Procedure 26 and 37 for failing to include the audio recordings in their clients' initial disclosures. Under Rule 26(a)(1)(A):

> a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

In addition, Rule 26(g)(1) requires that "[e]very disclosure under Rule 26(a)(1) . . . be signed by at least one attorney of record." By signing, an attorney certifies that an initial disclosure is "complete and correct" under the requirements of Rule 26(a)(1) "to the best of the [attorney's] knowledge, information, and belief formed after a reasonable inquiry." Fed. R. Civ. P. 26(g)(1). "If a certification violates [Rule 26(g)] without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Likewise, a party is subject to sanctions under Rule 37(c)(1) if the "party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless."

The parties settled their case while the motion for sanctions was under consideration by the district court. However, on October 20, 2015, the district

No. 16-50191

court issued an order holding that the "audio recordings [did] not solely contain impeachment evidence, therefore Rule 26 required their disclosure." Pursuant to Rule 37 and the court's inherent authority, the district court imposed sanctions requiring each Appellant to pay a $1,000 fine. Appellants subsequently filed motions for reconsideration. On January 27, 2016, the district court issued an order denying the motions for reconsideration. The district court explained that Appellants had certified that their clients' initial disclosures were "complete and correct" pursuant to Rule 26(g)(1), but the "disclosures did not include recorded phone calls despite their being encompassed by Rule 26(a)(1)(A)(ii)." After determining these omissions were not substantially justified, the district court concluded that sanctions were required under Rule 26(g)(3). On the same day, the district court dismissed Olivarez's cause of action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Appellants timely appealed. On appeal, Appellants argue that the district court abused its discretion by (1) incorrectly applying Rule 26(a)(1)'s disclosure requirement and (2) failing to properly consider whether Appellants' purported violation of Rule 26 was substantially justified under Rule 26(g)(3).

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal under 28 U.S.C. § 1291 because the district court's dismissal of the underlying action with prejudice constituted a final decision. *Marshall v. Kansas City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004); *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987). "The district courts wield their various sanction powers at their broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). Thus, we "may reverse a district court's award of sanctions only if we find that the court abused its discretion in imposing them." *Id.* "A district court abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly

4

No. 16-50191

erroneous assessment of the evidence." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (quoting *Walker v. City of Bogalusa,* 168 F.3d 237, 240 (5th Cir. 1999)).

## III. DISCUSSION

## A. Substantive Versus Impeachment Evidence

Appellants first argue that they used the recordings solely to impeach Olivarez's credibility; therefore, they were not required to disclose the recordings under Rule 26(a)(1), which specifically states evidence need not be disclosed if "the use would be solely for impeachment." Appellants contend the district court abused its discretion by announcing a novel standard under Rule 26(a)(1) and then sanctioning them for not complying with that novel standard. But contrary to Appellants' contentions, the district court's decision was firmly grounded in this Court's precedent.

"Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993). "Impeachment evidence, on the other hand, is that which is offered to 'discredit a witness . . . to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony.'" *Id.* (quoting John P. Frank, *Pretrial Conferences and Discovery—Disclosure or Surprise?*, 1965 Ins. Law J. 661, 664).

This Court has made clear that some evidence serves both substantive and impeachment functions and thus should not be treated as "solely" impeachment evidence. *Id.; see also Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 368–69 (5th Cir. 2008) (acknowledging that surveillance videos contradicting testimony from plaintiff's witnesses were of a substantive nature, regardless of their impeachment value). Other courts have taken similar approaches. *See Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir.

No. 16-50191

2001) ("If, as the judge saw it, the evidence was really more than mere impeachment evidence, then the witnesses should have been disclosed."); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (holding that witnesses who provided impeachment testimony should have been disclosed prior to trial because the testimony was part of defendant's "primary line of defense"); *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (holding that evidence was not introduced "solely for impeachment purposes" where the evidence was "both impeaching and substantive"). Rule 26(a)(1)'s automatic disclosure requirement "was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and trial-by-ambush." *Standley v. Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015) (quoting *Hayes v. Cha*, 338 F. Supp. 2d 470, 503 (D.N.J. 2004)). "A too expansive reading of the impeachment exception 'could cause a resurgence of these evils.'" *Id.* at 1283–84 (quoting *Hayes*, 338 F. Supp. 2d at 503).

In *Chiasson*, a local rule required "each party to list the exhibits to be presented at trial," but if a party had "good cause not to disclose exhibits to be used *solely for the purpose of impeachment*," the party was permitted to request an ex parte conference with the court to explain why the exhibits should not be disclosed prior to the trial. 988 F.2d at 515.[1] The district court ruled that a video surveillance tape could be shown to the jury during trial, even though it was not previously disclosed pursuant to the local rule. *Id.* at 513. In doing so, the district court implicitly found that the video, which showed the plaintiff "sweeping [a] carport, working under a car, entering a

---

[1] *Chiasson* predated the current version of Rule 26(a). Prior to December 1, 1993, Rule 26 imposed no duty to disclose information to an opposing party in the absence of formal discovery requests. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. Despite this historical difference in the rule, however, *Chiasson* still provides clear guidance on how this Court interprets the phrase "solely for the purpose of impeachment" in the context of pretrial disclosures.

6

No. 16-50191

store, and buying food," was being used at trial solely to challenge the credibility of the plaintiff's testimony that she was "unable to carry on daily activities without pain." *Id.* at 513, 515–17. On appeal, however, this Court pointed out that the evidence tended to establish the truth of "key issues" to be determined by the jury, namely "the severity of [the plaintiff's] pain and the extent to which she ha[d] lost the enjoyment of normal activity." *Id.* at 517. This Court held that "[b]ecause the tape is, at the very least[,] in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value." *Id.* at 517–18.

In the instant case, the recordings of Olivarez's phone calls likely had some impeachment value because they were at least arguably inconsistent with Olivarez's testimony during the deposition regarding her conversations with her mother and her friend Juan. But the recordings also had substantive value because they seemed to suggest that Olivarez may have consented to the sexual encounters with Valladarez. The recordings tended to establish the truth of a key issue Defendants raised as a defense in the case—that Olivarez had "initiated consensual sex" with Valladarez. Accordingly, the recordings were, at the very least, in part substantive, and the district court did not abuse its discretion in concluding that Appellants were required to disclose the recordings under Rule 26(a)(1).

## B.    Substantial Justification

Appellants also argue that the district court failed to properly consider whether their decision to withhold the audio recordings from the initial disclosures was substantially justified. "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009) (quoting

7

*Tolerico v. Home Depot*, 205 F.R.D. 169, 175–76 (M.D. Pa. 2002)); *see also Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988) (holding, in another context, that "substantially justified" means "justified to a degree that could satisfy a reasonable person"); *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227–29 (10th Cir. 2015) (holding that "substantial justification" under Rule 37 means "justified to a degree that could satisfy a reasonable person"); *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005) (same); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (same). The attorney's decision to refrain from disclosing the information must have had a "reasonable basis both in law and fact." *Underwood*, 487 U.S. at 565.

Appellants cite several cases in support of their contention that they had a reasonable basis for concluding that disclosure was not required. Some of these cases suggest that evidence does not need to be disclosed under Rule 26(a)(1), even if the evidence has substantive value, so long as the evidence is offered solely for impeachment. *See DeBiasio v. Ill. Cent. R.R.*, 52 F.3d 678, 686 (7th Cir. 1995); *Ruddell v. Weakley Cty. Sheriff's Dep't*, No. 1:07-CV-01159, 2009 WL 7355081, at *1 (W.D. Tenn. May 22, 2009); *Lomascolo v. Otto Oldsmobile-Cadillac, Inc.*, 253 F. Supp. 2d 354, 359–60 (N.D.N.Y. 2003); *Halbasch v. Med-Data, Inc.*, 192 F.R.D. 641, 648–50 (D. Or. 2000). Appellants also cite cases suggesting that evidence does not need to be disclosed under Rule 26(a)(1) if a party's subjective intent is to use the evidence solely for impeachment. *See Nehara v. California*, No. 1:10-CV-00491, 2013 WL 1281618, at *3 (E.D. Cal. Mar. 26, 2013); *Doyle v. N.J. Transit Rail Operations, Inc.*, No. CIV.A.04-5209, 2008 WL 4755735, at *3 (D.N.J. Oct. 29, 2008).

However, all of the cases cited by Appellants were decided by courts outside this Circuit. The only controlling authority on the issue is *Chiasson*. In that case, we held that evidence should not be treated as "solely" impeachment evidence if it tends to establish the truth of key issues to be determined by the

No. 16-50191

jury. 988 F.2d at 517–18. Instead, the evidence must be treated as having at least some substantive value and must be disclosed to the opposing party. *Id*. Given that this Court had previously addressed the issue, it was unreasonable for Appellants to rely on authorities outside this Circuit to support their own litigation strategy. A reasonable person would have applied this Court's precedents to the facts and determined that the audio recordings needed to be disclosed because they had substantive value. Accordingly, we hold that the district court did not abuse its discretion in concluding that Appellants had no substantial justification for violating Rule 26.

## IV. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.